# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARROLL A. PEARSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-13-254-SPS |

## OPINION AND ORDER

The claimant Carroll A. Pearson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on May 2, 1952, and was fifty-nine years old at the time of the administrative hearing (Tr. 27-28). She completed the tenth grade, and has worked as an EKG technician, a certified nurse's aide, and a vendor (Tr. 49). She alleges that she has been unable to work since September 30, 2009, due to osteoporosis, high blood pressure, chronic obstructive pulmonary disorder (COPD), back and neck problems, depression, and ulcers/stomach problems (Tr. 148).

## Procedural History

On January 28, 2011, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Doug Gabbard, II, held an administrative hearing and determined that the claimant was not disabled in a written opinion dated May 18, 2012 (Tr. 11-18). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant had the medically determinable impairments of osteoarthritis, COPD, hypertension, chronic stomach problems, and depression, but that none of these impairments, or combination thereof, had significantly limited her ability to perform

work-related activities for twelve consecutive months (Tr. 14). The ALJ thus determined that the claimant was not disabled (Tr. 18).

## Review

The claimant challenges the ALJ's step two finding that none of her impairments are severe, specifically her chronic back and neck pain, depression, and obesity, and further challenges the ALJ's credibility findings. Because the ALJ did fail to properly analyze the evidence of the claimant's impairments at step two, the Commissioner's decision must be reversed and the case remanded to the ALJ for further proceedings.

Hospital notes from 2008 through 2009 reflect her treatment for chronic back pain (largely consisting of pain/medication management) that was diagnosed in 2006 (Tr. 219, 245-266, 329-386). Dr. Thomas H. Conklin, Jr., D.O., began treating the claimant in 2003. His notes reflect regular and continued treatment for chronic neck and back pain with associated pain management (Tr. 237-243, 321-328). Additionally, his notes reflect that she was a long-time smoker. In the twelve times he saw her between April 28, 2009 and December 28, 2009, almost every time he noted some breathing-related difficulties, *i. e.*, cough, deep harsh cough, congestion, deep harsh bronchitic type cough, chronic bronchitis, etc. (Tr. 240-243). Additionally, MRIs performed on August 24, 2011 revealed advanced degenerative disk disease and spondylosis with bilateral neuroforaminal narrowing at C5-6, mild multilevel degenerative thoracic spondylosis, and degenerative disc disease at L4-5 and L5-S1 (Tr. 305, 381-386).

At the administrative hearing, the claimant testified that her back pain started in 2006, that her back pain hurts worse than her neck pain, and that she can no longer work in her yard, ride a motorcycle, or sit or stand very long as a result of this impairment, and that the heaviest thing she can lift is a gallon of milk (Tr. 35, 37-38). She testified that she takes pain medication on a regular basis to manage this (Tr. 36). Although she had MRIs done in 2011, she stated that she did not know why testing had not been done earlier, but seemed to believe that was due to being treated at an Indian hospital (Tr. 39). She noted that the 2011 MRIs revealed advanced degenerative bone disease (Tr. 39). She further stated that she cannot walk longer than five minutes without becoming out of breath, and that she has been diagnosed with COPD and emphysema, and had been unsuccessful at quitting smoking despite previous efforts (Tr. 36, 42-43). She testified that she was in treatment for alcohol abuse, and that she drank due to her pain (Tr. 45).

The claimant argues that the ALJ erred at step two of the sequential analysis by failing to find her chronic neck and back pain, obesity, and depression to be severe impairments. A claimant has the burden of proof at step two to show that she has an impairment severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137, 146-154 (1987). This determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d

1349, 1352 (10th Cir. 1997), the burden at step two is a *de minimis* showing of impairment. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751. A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352. In this case, the claimant was repeatedly and continuously treated for chronic low back and neck pain, and was also sent to a pain clinic to manage her pain. Furthermore, she was frequently assessed and treated with chronic bronchitis and asthma, and prescribed medications and inhalers on a regular basis prior to the date last insured. The Court is satisfied that *at least* these impairments meet the claimant's *de minimis* burden of showing a severe impairment at step two. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("The evidence . . . showed that she . . . had a consultation with a rheumatologist, Dr. Booth, for purposes of evaluating arthritis. He found that she had some osteoarthritis of the knees. He noted pain in her other joints but could not definitively assign an etiology to the pain at that time. Thus, under a *de minim[is]* standard, the ALJ's finding that arthritis was not a medically determinable impairment appears to be unsupported by substantial evidence.") [citations omitted].

Because the claimant met her burden of showing a severe impairment at step two, the decision of the Commissioner should be reversed and the case remanded for further analysis. Upon remand, the ALJ should evaluate the claimant's impairments, singly and in combination, in accordance with § 404.1520a(c)(3).

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 17th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**